D. E. COOLBAUGH, Respondent, v. JOHN PORTER, Appellant.

**Kansas City Court of Appeals, February 4, 1889.**

1. **Forcible Entry and Detainer: WHO MAY MAINTAIN.** One who has never had any actual possession of property, save such as he had through his tenants and agents, may maintain an action of forcible entry and detainer, under section 2419, Revised Statutes, against one who enters upon and takes actual possession thereof against his will.

2. **Action of Trial Court Approved.** The action of the trial court in giving and refusing instructions and in submitting the matters in issue to the jury is approved.

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

Statement by the court.

This is an action of forcible entry and detainer. There was a judgment for plaintiff in both lower courts and defendant appeals.

It appears from the evidence introduced on the trial of this case that since the year 1869 the sixty-foot strip of land in controversy has formed a part of a tract of four acres of land situated just east of the present eastern limits of the City of Kansas, between the land of D. C. Gordon on the north fronting on Ninth street, and the land on the south fronting on Twelfth street,

formerly owned by the appellant. This four-acre tract has been, during that period, owned by various parties, Bailey, Bartlett, Gillette, and respondent Coolbaugh, and each of these parties, either by themselves or by their tenants, have had and held actual and continuous possession of the whole tract, including the strip of land in controversy, from the year 1869 until March, 1887, when appellant made his alleged forcible and unlawful entry upon the south sixty feet of the tract, and fenced the same. Each of the successive owners, including respondent, through his tenants, has had the land in cultivation and occupation down to the south boundary of the tract, as shown by an agreed division line between appellant and Bailey at the time Bailey owned the tract and appellant owned the adjoining ten-acre tract on the south. This line was marked by what is called in the testimony of the witnesses the "back furrow," and each successive set of tenants of both tracts from year to year, up to the autumn of the year 1886, accepted and recognized this "back furrow" as a dividing line between the two tracts, which were cultivated, by the tenants of respondent and appellant, up to this line, but never beyond it. In 1880, the land was surveyed for respondent, the south line of the tract was marked on the east and west by stakes set by the surveyor on a line with this back furrow, and respondent had his fence built on the east and west lines of his land down to the line of this back furrow. Rows of grape-vines and peach-trees extended from the north of respondent's land down to this south line and they were cultivated by respondent's tenants, who tilled all the ground and occupied the house on the northwest corner of the tract. When the terms of the various tenants expired they surrendered possession to respondent's agent, and in the fall of 1886 the last tenant, Thompson, surrendered the keys of the house to respondent's agent. Respondent, in the winter of 1886 and spring of 1887, determined to plat the

land, visited it and examined it for that purpose, employed surveyors to lay off the same into city lots, and thereupon instructed his agent, verbally and also in writing, not to rent the ground. While these surveyors were engaged in surveying the ground and after receiving these instructions, the agent rented the house to Mrs. Fisk, by a verbal lease, from month to month. She understood she was also to have the ground. She moved into the house, but did not attempt to take actual possession of this strip of ground ; the appellant, Porter, having, early in March, 1887, entered upon and fenced up the south sixty feet of the four-acre tract. At the time of appellant's entry, respondent was at his home in Lawrence, Kansas, and afterwards, when he learned that the south sixty feet of his land had been fenced by appellant, brought this suit.

*M. Campbell*, for appellant.

(1) The court erred in not sustaining defendant's demurrer to the evidence, for this case is a counterpart of *McCartney v. Alderson*, 45 Mo. 35 ; and same case, 49 Mo. 456. (2) The court erred in giving the misleading instructions asked by plaintiff, for these reasons : R. S., sec. 2419 ; *Armstrong v. Hendricks*, 67 Mo. 542 ; *Willis v. Stevens*, 24 Mo. App. 494 ; *Warren v. Ritter*, 11 Mo. 354 ; *Polack v. McGrath*, 32 Cal. 15. (3) R. S., sec. 2443 ; *Prewitt v. Burnett*, 46 Mo. 372 ; *Powell v. Davis*, 54 Mo. 315 ; *Burns v. Patrick*, 27 Mo. 434. (4) The first and second instructions asked by defendant amount to demurrers to the evidence, and should have been given. (5) The third instruction asked by defendant states facts, which if true, show that plaintiff was not actually in possession of the land sued for. *Polack v. McGrath*, 32 Cal. 15.

*Botsford & Williams*, for respondent.

Testimony having been produced at the trial tending to prove that at the time of appellant's admitted unlawful and forcible entry, respondent had peaceable possession of the premises in controversy, the court committed no error in submitting, by appropriate instructions, these questions of fact to the jury. And the instructions given on behalf of respondent, and by the court, on its own behalf, correctly declare the law on the evidence. R. S., 1879, sec. 2433, p. 409 ; *Bartlett v. Draper*, 23 Mo. 407 ; *Prewett v. Burnett*, 46 Mo. 372 ; *Miller v. Northup*, 49 Mo. 397 ; *DeGraw v. Prior*, 53 Mo. 313 ; *Powell v. Davis*, 54 Mo. 315 ; *Bradley v. West*, 60 Mo. 59 ; *Miller v. Tillman*, 61 Mo. 316 ; *Willis v. Stephens*, 24 Mo. App. 494, and cases cited. The term "lawfully possessed" has been uniformly held by the courts of this state to mean "peaceable possession." *Michau v. Walsh*, 6 Mo. 346 ; *Krevet v. Meyer*, 24 Mo. 107 ; *Beeler v. Caldwell*, 29 Mo. 72 ; *McCartney v. Alderson*, 45 Mo. 35. (2) In order to constitute such lawful and peaceable possession, it was not necessary for respondent to reside on the land, or keep his servant or agent there, but any acts done by him on the land indicating an intention to hold the possession thereof in himself, was sufficient to give him actual possession. *Bartlett v. Draper*, 23 Mo. 409 ; *Miller v. Northup*, 49 Mo. 399 ; *Powell v. Davis*, 54 Mo. 316 ; *Bradley v. West*, 60 Mo. 61. (3) Respondent having had the premises in possession of his tenants, when such tenants vacated said premises and surrendered the same, respondent came into the sole possession thereof ; and he must be considered as possessed of the same, when such premises were not actually occupied by his tenants, although not personally present. *Warren v. Ritter*, 11 Mo. 354 ; *May v. Luckett*, 48 Mo. 472 ; *Kingman v.*

*Abington*, 56 Mo. 46; *Gooch v. Hollan*, 30 Mo. App. 450. (4) The question whether respondent, through his agent for the renting of the house, had rented the land in controversy to Mrs. Fisk, and whether Mrs. Fisk was in the possession of the land in controversy at the time of appellant's entry thereon, was, under the evidence, properly submitted to the jury by the instructions given, and the jury, having found against appellant on that point, the verdict is conclusive. *Michau v. Walsh*, 6 Mo. 346; *Powell v. Davis*, 54 Mo. 319.

ELLISON, J.—It will be noticed that plaintiff was not a resident of this state during his ownership of the land, nor was he at the time of defendant's entry, nor had he ever been in the personal occupancy thereof.

The principal question presented is, whether one who has never had any actual possession of property, save such as he had through his tenants and agents, may maintain an action of forcible entry and detainer under section 2419, Revised Statutes, against one who enters thereon and takes actual possession thereof against his will? We answer the question in the affirmative.

The action of the court in giving and refusing instructions was in keeping with the line of decisions in this state on our forcible entry and detainer statute. The question as to whether Mrs. Fisk was in possession of the strip in controversy, as plaintiff's tenant, at the time of the forcible entry, so as to bar plaintiff's action, was properly submitted to the jury.

The judgment is affirmed. SMITH, P. J., concurs. GILL, J., not sitting.